IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:18-CR-202- |
| | § | ALM-KPJ |
| RICHARD LADON AVERY (1) | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Richard Ladon Avery's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on January 24, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Chris Rapp.

Defendant was sentenced on June 18, 2019, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Possession with the Intent to Distribute Cocaine, a Class B felony. This offense carried a statutory minimum term of 5 years and a maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of II, was 60 months. Defendant was subsequently sentenced to 60 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100 special assessment. On December 21, 2021, Defendant completed his period of imprisonment and began service of the supervision term.

On June 6, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 42, Sealed]. The Petition asserts that Defendant

violated two (2) conditions of supervision, as follows: (1) You must refrain from any unlawful use of a controlled substance; and (2) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing [Dkt. 42 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On December 28, 2021, Defendant submitted a urine sample which tested positive for marijuana. He subsequently admitted to using marijuana and signed an admission form stating such. On January 7, 2022, Defendant submitted a urine sample which tested positive for marijuana. The sample was forwarded to Abbott Laboratory where it was confirmed. On January 25, 2022, Defendant submitted a urine sample which tested positive for marijuana. The sample was forwarded to Abbott Laboratory where it was confirmed. On February 15, 2022, Defendant submitted a urine sample which tested positive for marijuana. The sample was forwarded to Abbott Laboratory where it was confirmed. On February 28, 2022, Defendant submitted a urine sample which tested positive for marijuana. The sample was forwarded to Abbott Laboratory where it was confirmed. On May 18, 2022, Defendant submitted a urine sample which tested positive for marijuana. The sample was forwarded to Abbott Laboratory where it was confirmed. On May 27, 2022, Defendant submitted a urine sample which tested positive for marijuana. The sample was forwarded to Abbott Laboratory and is pending as of this writing; and (2) Defendant failed to submit a urine sample as directed on January 12, February 11, and June 4, 2022, as part of the U.S. Probation Office's random drug testing program [Dkt. 42 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed allegation 2. Having considered the Petition and the

plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 53; 54].

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of ten (10) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 20th day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE